BRETT E. LEWIS
LEWIS & HAND, LLP
45 MAIN STREET, SUITE 608
BROOKLYN, NY  11201
brett@lewishand.com
Tel:  (718) 243-9323

Attorneys for Plaintiff-Counterdefendant Productos de Leche S.A. de C.V.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

_____
)
PRODUCTOS DE LECHE S.A. DE C.V.    )
)
)
)
       Plaintiff,    )   Case No. 11-CV-3076 (CM)(GWG)
)
)   **ANSWER TO DEFENDANT'S**
**)**   **COUNTERCLAIMS**
       v.    )
)
QUESERIA CHIPILO, INC.    )
)
)
       Defendant.    )
_____

Productos de Leche S.A. de C.V. ("PROLESA"), by its attorneys, files its Answer to the

Defendant's Counterclaims as follows:

### JURISDICTION AND VENUE

1.   Admits that Defendant Queseria Chipilo, Inc. ("Counterclaimant" or

"Queseria Chipilo") purports to assert a counterclaim for declaratory relief.

Except as expressly so admitted, PROLESA denies each and every allegation

contained in paragraph 1 of the Counterclaims.

2.   Admits the allegations contained in paragraph 2 of the Counterclaims.

3.   Admits the allegations contained in paragraph 3 of the Counterclaims.

**PARTIES**

4.   Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 4 of the Counterclaims.

5.   Admits the allegations contained in paragraph 5 of the Counterclaims.

**FACTS**

6.   Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 6 of the Counterclaims.

7.   Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 7 of the Counterclaims.

8.   Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 8 of the Counterclaims.

9.   Admits that the town of Chipilo de Francisco Javier de Mina is located in the state of Puebla in Mexico, and affirmatively avers that Chipilo de Francisco Javier de Mina is a small town of roughly 3,000 people, and is unknown to virtually all Americans.  PROLESA denies the remaining allegations contained in paragraph 9 of the Counterclaims.

10. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 10 of the Counterclaims, and denies that any products from Chipilo de Francisco Javier de Mina are famous in the United States.

11. Denies each and every allegation contained in paragraph 11 of the Counterclaims.

12. Denies the allegations contained in paragraph 12 of the Counterclaims.

13. Admits that PROLESA was the owner of U.S. Trademark Registration No. 1319606 and U.S. Trademark Registration No. 1840670.  Except as expressly so admitted, PROLESA denies the allegations of paragraph 13 of the Counterclaims.

14. Denies each and every allegation contained in paragraph 14 of the Counterclaims.

15. Admits the allegations contained in paragraph 15 of the Counterclaims.

16. Denies each and every allegation contained in paragraph 16 of the Counterclaims.

17. Denies each and every allegation contained in paragraph 17 of the Counterclaims.

18.  Denies each and every allegation contained in paragraph 18 of the Counterclaims.

19. Denies each and every allegation contained in paragraph 19 of the Counterclaims.

20. Denies each and every allegation contained in paragraph 20 of the Counterclaims.

21. Admits the allegations contained in first sentence of paragraph 21 of the Counterclaims.  Except as expressly so admitted, PROLESA denies the allegations of paragraph 21 of the Counterclaims.

22. Admits that PROLESA's U.S. Registration for CHIPILO® (Reg. No. 3406672) was granted on April 1, 2008.  Except as expressly admitted,

PROLESA denies each and every allegation contained in paragraph 22 of the Counterclaims.

23. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 23 of the Counterclaims.

24. Admits that Defendant agreed by letter dated June 26, 2010 to stop infringing on the CHIPILO® marks.  Except as expressly so admitted, PROLESA denies the allegations of paragraph 24 of the Counterclaim.

25. Admits that Defendant agreed to cease selling all products containing the word "CHIPILO" within a period of forty four (44) days, and paid PROLESA USD Three Thousand Five Hundred Dollars ($3,500) to cover PROLESA's attorney's fees.  Except as expressly so admitted, PROLESA denies each and every allegation contained in paragraph 25 of the Counterclaim.

26. Denies each and every allegation contained in paragraph 26 of the Counterclaim.

27. Denies each and every allegation contained in paragraph 27 of the Counterclaim.

28. Denies each and every allegation contained in paragraph 28 of the Counterclaim.

29. Denies each and every allegation contained in paragraph 29 of the Counterclaim.

30. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 30 of the Counterclaim.

31. Denies knowledge or information sufficient to form a belief as to the truth of

each and every allegation contained in paragraph 31 of the Counterclaim.

32. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 32 of the Counterclaim.

33. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 33 of the Counterclaim.

34. Denies each and every allegation contained in paragraph 34 of the Counterclaim.

35. Denies each and every allegation contained in paragraph 35 of the Counterclaim.

36. Denies each and every allegation contained in paragraph 36 of the Counterclaim.

**COUNT 1**

**(Declaratory Judgment of Non-Infringement of the Chipilo Trademarks)**

37. Incorporates by reference the answers to paragraphs 1-36 above.

38. Admits the allegations contained in paragraph 38 of the Counterclaim.

39. Denies each and every allegation contained in paragraph 39 of the Counterclaim.

40. Denies each and every allegation contained in paragraph 40 of the Counterclaim.

41. Admits that Queseria Chipilo purports to assert a counterclaim for declaratory judgment, but except as expressly so admitted, denies each and every allegation contained in paragraph 41 of the Counterclaim.

## COUNT 2

**(Declaratory Judgment of Invalidity of the Chipilo Trademarks)**

42. Incorporates by reference the answers to paragraphs 1-41 above.

43. Denies each and every allegation contained in paragraph 43 of the Counterclaim.

44. Denies each and every allegation contained in paragraph 44 of the Counterclaim.

45. Denies each and every allegation contained in paragraph 45 of the Counterclaim.

46. Admits that Queseria Chipilo purports to assert a counterclaim for declaratory judgment, but except as expressly so admitted, denies each and every allegation contained in paragraph 46 of the Counterclaim.

## COUNT 3

**(Cancellation of the Chipilo Trademarks for the Mark Being Primarily Geographically Descriptive)**

47. Incorporates by reference the answers to paragraphs 1-46 above.

48. Denies each and every allegation contained in paragraph 48 of the Counterclaim.

49. Denies each and every allegation contained in paragraph 49 of the Counterclaim.

50. Denies each and every allegation contained in paragraph 50 of the Counterclaim.

51. Denies each and every allegation contained in paragraph 51 of the Counterclaim.

## COUNT 4

**(Cancellation of the Chipilo Trademarks for the Mark Being Primarily Geographically Deceptively Misdescriptive)**

52. Incorporates by reference the answers to paragraphs 1-51 above.

53. Admits the allegations contained in paragraph 53 of the Counterclaim.

54. Denies each and every allegation contained in paragraph 54 of the Counterclaim.

55. Denies each and every allegation contained in paragraph 55 of the Counterclaim.

## COUNT 5

**(Cancellation of the Chipilo Trademarks for Abandonment of the Chipilo Trademarks)**

56. Incorporates by reference the answers to paragraphs 1-55 above.

57. Denies each and every allegation contained in paragraph 57 of the Counterclaim.

58. Admits the allegations contained in paragraph 58 of the Counterclaim.

59. Denies each and every allegation contained in paragraph 59 of the Counterclaim.

## FIRST AFFIRMATIVE DEFENSE

The Counterclaims fail to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Counterclaim Plaintiff's claims are barred, in whole or in part, by the equitable doctrines

of laches, waiver, estoppel, acquiescence, and/or unclean hands.

## THIRD AFFIRMATIVE DEFENSE

Counterclaim Plaintiff has failed to state a claim for recovery of any damages, including, but not limited to, actual and/or statutory damages, or attorneys' fees or costs.

## FOURTH AFFIRMATIVE DEFENSE

Counterclaim Plaintiff's claims are barred by the applicable statute of limitations.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's CHIPILO® marks are not descriptive, primarily geographically descriptive, primarily geographically deceptively misdescriptive, or a geographical indication of Plaintiff's dairy products.

## SIXTH AFFIRMATIVE DEFENSE

The town of Chipilo de Francisco Javier de Mina, located in the state of Puebla in Mexico, is a small town of roughly 3,000 people, and is unknown to virtually all Americans.  The American public does not associate CHIPILO® brand dairy products with the town of Chipilo de Francisco Javier de Mina.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' CHIPILO® marks are presumed valid.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' CHIPILO® marks have been in continuous use during the period in question.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff has established secondary meaning in the CHIPILO® marks through use in commerce.

<u>TENTH AFFIRMATIVE DEFENSE</u>

Plaintiffs did not cease use of the CHIPILO® marks for a period of three years, or for any

period of time, with the intent to abandon them.

<u>ELEVENTH AFFIRMATIVE DEFENSE</u>

Plaintiff reserves the right to add additional affirmative defenses as discovery progresses.

With respect to Defendant's prayer for relief, PROLESA denies that Defendant is entitled to any relief whatsoever.

DATED:  July 21, 2011                     Respectfully submitted,

                                          LEWIS & HAND, LLP

                                          By  /s/ Brett Lewis_____
                                              Brett E, Lewis, Esq.
                                              Attorneys for Plaintiff-Counterdefendant
                                              PRODUCTOS DE LECHE S.A. DE C.V.